U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

Signed April 15, 2008            United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GREGORY GRAHAM, | § | Case No. |
| and PAULA GRAHAM, | § | 07-42934-DML-13 |
| | § | Chapter 13 |
| Debtors. | § | |
| | § | |

**MEMORANDUM OPINION**

Before the court is the Chapter 13 Standing Trustee's ("Trustee") Objection to Confirmation ("Confirmation Objection") of the Chapter 13 plan for Gregory and Paula Graham (collectively, "Debtors"). On January 17, 2008, the court held a confirmation hearing and, after oral argument, informed the parties of its intention to take the matter under advisement.

Counsel were requested to submit informal letter briefs and/or lists of authorities. Having reviewing the submissions, the court concludes that the Confirmation Objection should be SUSTAINED and that confirmation of the Debtors' plan should be DENIED.

The court exercises its core jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b). This memorandum opinion embodies the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 and 9014.

**I.     Background**

The Debtors filed their Chapter 13 voluntary petition along with their initial Chapter 13 plan on July 5, 2007. They then filed an amended plan on July 23, 2007 ("First Amended Plan"). The Trustee filed his Confirmation Objection on September 6, 2007 and the Debtors filed a second amended plan on November 9, 2007 ("Second Amended Plan"). The Trustee reaffirmed his Confirmation Objection at the January 17, 2008 hearing on the Second Amended Plan.

The Confirmation Objection asserts several grounds for denial. First, the Debtors allegedly failed to propose a plan in good faith pursuant to section 1325(a)(3) of the Bankruptcy Code [1] (the "Code") because:

- Debtors purchased, within approximately one year preceding their bankruptcy filing, a 2006 Ford Expedition valued at $51,400.00, a 2006 Ford Truck valued at $37,983.00, a 2006 Yamaha valued at $9,862.00, and a 2006 Yamaha valued at $11,147.00;

- Debtors included secured payments on these vehicles in their plan totaling approximately $1,900.00 per month and;

- Debtors sought to discharge (without payment) approximately $92,000.00 of unsecured debt.

Second, the Debtors' plan allegedly fails to meet the "disposable income" requirements of Code § 1325(b)(1)(B) because the plan does not propose to pay all of the Debtors' disposable income for the applicable commitment period to unsecured creditors. Third, because the Debtors are "above-median" pursuant to Code §§ 1322(d) and 1325(b)(3), the Trustee argues that they are therefore subject to an applicable commitment period of 60 months, yet their proposed plan term is only 36 months.

The Second Amended Plan surrenders both 2006 Yamahas but continues to propose, (identically to the First Amended Plan) plan payments of $225 per month for 25 months.

---

[1] 11 U.S.C. §§ 101 et seq.

Because the Second Amended Plan continues to deduct the Yamaha secured payment amounts despite the fact that these payments will not be made, the court concludes that the Confirmation Objection should be sustained. [2]

## II.     Issue

Under Code §§ 707(b)(2)(A)(ii)(I) and 1325(b)(2), may secured payments deducted on Form 22C continue to be deducted for disposable income purposes if the collateral is to be surrendered? [3]

## III.    Discussion

The court believes that it is effectively bound by its "Zinser / Spalding" decision to interpret 11 U.S.C. § 707(b) consistently with a prior decision issued by Judge Russell F. Nelms. In re Zinser, No. 07-41304-RFN-13, slip op., WL 3479604 at 4 (Bankr. N.D. Tex. 2007); In re Spalding, No. 07-41863-DML-13, slip op., WL 3479604 at 4 (Bankr. N.D. Tex. 2007). The court disposed as it did of these cases to avoid "the enormous burden that it would impose on the Trustee were the judges in this division to calculate plan bases differently . . . " Id.

In Zinser/Spalding, the Zinsers' Chapter 13 plan included 60 monthly child-support payment deductions even though they would make only 26 of those payments. Id. at 3. The Spaldings' Chapter 13 plan included 60 monthly 401(k) loan repayment deductions even though their loan would be fully repaid within six months. Id. at 4. The court denied

---

[2] The Trustee presents the court with two issues. The first is listed in the body of this opinion at section II. The second issue is whether the plan term for an above median debtor may be less than 60 months where the Trustee objects and unsecured claims will be paid less than 100% (under 11 U.S.C. §§ 1325(b)(1)(B) and (b)(4)). Because the Confirmation Objection is sustained on the first issue, the court does not address the second.

[3] The court has made no decision on whether the Debtors filed their plan in good faith. As stated in the conclusion of this Opinion, the Debtors will have ten days within which to file an amended plan that complies with this ruling. Given the facts of this case, the court would presume (subject to controverting evidence) good faith if the Debtors propose a 70% return to general unsecured creditors.

confirmation of both plans – rather than confirming and awaiting a plan modification – in order to be consistent with In re Barraza, 346 B.R. 724 (Bankr. N.D. Tex. 2006). Id.

In Barraza, Judge Nelms held that a bankruptcy filing was presumptively abusive under § 707(b)(2)(A). Barraza, 346 B.R. at 727-28. In Barraza, the debtor worked 80 hours per week at two jobs, drove an 18-year-old pickup truck, paid his child support, paid the mortgage on the home where his ex-wife and children lived, paid his taxes, lived modestly, and debtor's counsel therefore emphasized that his client was "not the type of debtor Congress was after when it passed BAPCPA." Id. at 728; see Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. S 256, 109-8, 119 Stat. 23 (2005) ("BAPCPA"). Nevertheless, the court held that the filing was presumptively abusive because, in part:

> . . . section 1325(b)(1)(B) requires a forward-looking analysis when it comes to projecting disposable income. In re Hardacre, 338 B.R. at 722 (holding that "projected disposable income" must be based upon the debtor's anticipated income during the term of the plan, not merely an average of pre-petition income)) . . . Just as the phrase "projected disposable income" requires a forward-looking analysis when it comes to the debtor's income during the applicable commitment period, it similarly requires a forward-looking analysis when it comes to the debtor's expenses during that period as well. In re Renicker, 342 B.R. 304, 309 (Bankr. W.D. Mo. 2006). Indeed, section 1325(b)(2) requires that the debtor's current monthly income be reduced by the "amounts reasonably necessary **to be expended**" by the debtor, thus reinforcing the conclusion that the expense analysis is a forward-looking process.

Barraza, 346 B.R. at 732 (emphasis in original).

Because this court has heretofore adopted the above "forward-looking" approach, the Debtors in the instant case improperly deducted secured payments on the 2006 Yamahas proposed for surrender. As such, their Second Amended Plan is not confirmable.

### IV. Conclusion

The Debtors purchased four 2006 model-year vehicles valued at $110,392 and filed for bankruptcy on July 5, 2007. In their Chapter 13 plan, the Debtors sought to deduct secured

vehicle payments and discharge approximately $92,000 in unsecured debt. The Chapter 13 plan they sought to confirm deducted the full secured payment amounts on all four of these vehicles despite proposing to surrender two of the vehicles.

Under the "forward-looking" approach to §§ 707(b)(2) and 1325(b), secured payments deducted on Form 22C cannot continue to be deducted for disposable income purposes if the collateral is to be surrendered. As such, the Confirmation Objection is **SUSTAINED**, and confirmation of the Second Amended Plan is **DENIED**. The Debtors shall have until ten days after the entry of this Opinion and Order within which to file a plan that addresses the concerns stated above. If no such plan is filed, the Trustee may propose an order dismissing this case.

It is **SO ORDERED.**


##END OF OPINION##